## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

WENDELL DWAYNE O'NEAL )
                                 )
     Plaintiff, )
                                   )
v. )    Case No.:  5:18-CV-1358-LCB
                                   )
UNITED STATES OF AMERICA )
INC., BETSY DEVOS, SECRETARY )
OF EDUCATION, FEDLOAN INC. )
     Defendants.

## MEMORANDUM OPINION

Before the Court is defendant FedLoan's Motion to Dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.[1]  For the reasons stated below, this Court finds that the motion to dismiss is due to be granted.

### Background

On August 24, 2018, the plaintiff, Wendell Dwayne O'Neal, filed a pro se complaint in which he made several allegations arising out of student loans he obtained in order to attend one or more online colleges.[2]  Over the next two months, O'Neal has filed numerous motions.  On August 29, 2018, O'Neal filed a motion for leave to filed an amended complaint to which he attached his amended

---

[1] The United States of America, on behalf of Betsy Devos, Secretary of Education, and the United States Department of Education, filed an answer to O'Neal's complaint on November 27, 2018, in which it asserted affirmative defenses and denied that O'Neal was entitled to relief.

[2] The plaintiff asserts that he borrowed money to attend the University of Phoenix, Inc., and Axia Online College.  (Doc. 1, at 3)

complaint, an exhibit entitled "Memorandum of Points and Authorities Supporting Falsified Debt Statement," a letter from the U.S. Department of Education, and a letter from the University of Phoenix. (Doc. 9). On August 30, 2018, O'Neal filed a "Motion for Reversal of U.S. Secretary of Education Administrative Decision by De Novo Judgment." (Doc. 8). On September 4, 2018, he filed a "Motion for Judicial Notice and to Permit Non-Attorney Electronic Filing." (Doc. 10). On September 5, 2018, O'Neal filed a "Motion to Amend Complaint by Adding Claims." (Doc. 11). On September 18, 2018, he filed a "Motion for Court to Exercise Supplemental Jurisdiction Over State Claims and Judicial Notice." (Doc. 12). On September 20, 2018, O'Neal filed a "Motion for Judicial Notice of Maricopa First Amended Habeas Corpus Complaint and Borrowers Defense Regulations Decision for Second Complaint Consideration." (Doc. 14). On October 4, 2018, O'Neal filed a "Motion for Judicial Notice of Arizona Maricopa Superior Court Proceedings." (Doc. 15). On October 25, 2018, O'Neal filed a "Motion to Withdraw Motion for Leave to File Second Judicial Review and Tort Claim Complaint." (Doc. 22). However, on November 9, 2018, O'Neal filed a motion to withdraw that motion. (Doc. 27). On November 13, 2018, he filed a "Motion for Required Joinder of Party Based Upon Arizona Maricopa Superior Court Proceedings." (Doc. 28). Finally, on November 26, 2018, O'Neal filed an "Emergency Motion for Summons Against Remaining Defendants." (Doc. 32).

All of the motions that O'Neal filed after his initial complaint appear to be attempts to amend his complaint by adding claims or defendants. O'Neal's filings are somewhat disjointed and difficult to comprehend. Many of his filings are lengthy, repetitive, and contain numerous footnotes that often cite to other cases that O'Neal has filed against the same defendants in other jurisdictions. Nevertheless, this Court has done its best to try and distill the plaintiff's allegations from his pleadings.

As best this Court can determine, O'Neal has alleged that he obtained student loans from the federal government to attend the University of Phoenix and Axia Online College. Although not entirely clear, O'Neal appears to assert that both colleges are operated by a parent company called Apollo. According to O'Neal, Apollo falsely certified loans for him to enroll in a degree program that he would ultimately not be able to afford. Therefore, O'Neal says, he withdrew from his classes. O'Neal claimed that Apollo returned a portion of the loan to the Department of Education after he failed to complete his coursework. O'Neal repeatedly refers to a "self-management agreement" that he claims to have entered into and appears to claim that, because of that agreement, the money should have been returned to him instead of the Department of Education. According to O'Neal, Apollo's failure to give the money directly to him caused him to default on his student loans. The only claims that O'Neal appears to assert against

FedLoan are his contentions that it improperly reported his student loan debt to the credit bureaus, and that it was somehow responsible for his default.

O'Neal also claimed that his student loan debt was discharged in a Chapter 7 bankruptcy proceeding in Arizona, but, he says, the Department of Education is continuing to attempt to collect the debt through tax offsets and to report negative information to credit bureaus. O'Neal attached a letter from the Department of Education to one of his pleadings which appears to indicate that O'Neal objected to the tax offset on grounds that he was disabled, that when he obtained the loans he had a condition that prevented him from meeting the state requirements for performing the occupation for which the school was to train him, and that he believed the debt was not an enforceable debt. (Doc. 9-3). In the letter, dated August 8, 2018, the Department found that O'Neal's debt was legally enforceable.

As noted, O'Neal filed several different motions in the months following the filing of his initial complaint. In those filings, O'Neal appears to attempt to add claims as well as additional defendants. In addition to repeating many of the claims raised in his initial filing, O'Neal claimed that a law firm that represented Apollo in a prior proceeding and two of its attorneys engaged in a conspiracy against him by making false allegations to a federal court in Arizona. He also alleged that an entity called Corporate Service Corporation, which O'Neal says is a statutory agent for accepting service of process on Apollo's behalf, fraudulently

concealed documents relating to a subpoena that was issued by the Maricopa County Superior Court in Arizona. O'Neal sought to add Corporate Service Corporation and The University of Phoenix, as defendants. (Doc. 28). However, the crux of O'Neal's initial complaint appears to be his contention that the Department of Education improperly denied his objection to its decision to offset his taxes in order to collect a debt that the claims not to owe. (Doc. 1).

### FedLoan's Motion to Dismiss

In its motion to dismiss, FedLoan points out that O'Neal has filed multiple unsuccessful lawsuits in both state and federal court that arise out of the same set of facts regarding the student loans he obtained in or around 2009. Therefore, FedLoan says, O'Neal's claims are barred by the principles of res judicata and collateral estoppel. In his reply, O'Neal does not dispute that he has filed previous lawsuits regarding his student loans. In fact, he cites to several of the cases and asks this Court to consider allegations and arguments that he made in those complaints. (*See e.g.*, Doc. 15). However, O'Neal contends that the present claim is different because, he says, it arises out of the defendants' disregard for the alleged fact that the debt was discharged in a bankruptcy proceeding in Arizona.

### Standard of Review

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint

against the "liberal pleading standards set forth by Rule 8(a)(2)."  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).  When evaluating a Rule 12(b)(6) motion to

dismiss, a district court accepts as true the allegations in the complaint and

construes the allegations in the light most favorable to the plaintiff.  *See Brophy v.*

*Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).  A complaint may be

dismissed for failure to state a claim "when its allegations ... show that an

affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268

F.3d 1014, 1022 (11th Cir. 2001)(en banc)(stating that res judicata is an affirmative

defense).  In reviewing this case, this Court notes that "[p]ro se pleadings are held

to a less stringent standard than pleadings drafted by attorneys and will, therefore,

be liberally construed." *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th

Cir. 1998)(per curiam)(citation omitted).

Discussion

In discussing res judicata and collateral estoppel, the United States Supreme

Court has explained:

> A fundamental precept of common-law adjudication, embodied in the
> related doctrines of collateral estoppel and res judicata, is that a "right,
> question or fact distinctly put in issue and directly determined by a
> court of competent jurisdiction . . . cannot be disputed in a subsequent
> suit between the same parties or their privies . ..." *Southern Pacific R.*
> *Co. v. United States*, 168 U.S. 1, 48-49, 18 S. Ct. 18, 27, 42 L. Ed.
> 355 (1897). Under res judicata, a final judgment on the merits bars
> further claims by parties or their privies based on the same cause of

6

action. *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24. 195 (1877); *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 865, 867, 99. 1122 (1955); 1B J. Moore, Federal Practice ¶ 0.405[1], pp. 621-624 (2d ed. 1974) (hereinafter 1B Moore); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); *id.*, § 48 (bar). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S. Ct. 645, 649, 58 L.Ed.2d 552 (1979); Scott, *Collateral Estoppel by Judgment*, 56 Harv.L.Rev. 1, 2-3 (1942); Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, Apr. 15, 1977) (issue preclusion). Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. *Southern Pacific R. Co., supra*, 168 U.S., at 49, 18, at 27; *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S. Ct. 506, 507, 61 L.Ed. 1148 (1917). To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Montana v. United States*, 440 U.S. 147, 153-54 (1979).  In *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010), the 11th Circuit held:

An action barred by res judicata is properly dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See Brown v. One Beacon Ins. Co.*, 317 Fed. Appx. 915, 918 (11th Cir. 2009)(per curiam) (unpublished) (citation omitted)("The district court properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of res judicata[.]"); *Krauser v. Evollution IP Holdings, Inc.*, 975 F. Supp. 2d 1247, 1252 (S.D. Fla. 2013)(*citing Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1184–85 (11th Cir. 2003))("affirming district court's dismissal on grounds of res judicata under Rule 12(b)(6)") Furthermore, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271,

1278 (11th Cir.1999). The district court properly took judicial notice of the documents in Horne's first case, which were public records that were "not subject to reasonable dispute" because they were "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b); *see also Universal Express, Inc. v. U.S. SEC*, 177 Fed. Appx. 52, 53 (11th Cir.2006)(per curiam)(*citing Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)); *Bryant*, 187 F.3d at 1278, (R1-33 at 2 n. 1).

According to FedLoan, O'Neal has filed numerous lawsuits concerning the same issues and involving the same defendants that are raised in the present case. FedLoan attached a copy of two orders from the United States District Court for the District of Arizona, in which the district court addressed and ultimately dismissed nearly identical claims to the ones raised in the present case. FedLoan also attached O'Neal's complaint from that case - in which he named FedLoan as a defendant - as well as O'Neal's "Motion for Judicial Notice of Borrowers Defense Regulations Decision and Commencement of Civil Actions for Mandate Recall Consideration" that he filed in that case in the United States Circuit Court of Appeals for the Ninth Circuit. (*See* Docs. 19-1-4). This Court hereby takes judicial notice of the documents attached to FedLoan's motion. *Horne*, 392 Fed. Appx. at 802. In one of O'Neal's previous cases, the Arizona district court held:

> Plaintiff's [second amended complaint ("SAC")] still fails to state any plausible claim against any of the remaining Defendants. Liberally interpreted, the SAC alleges that under its loan programs the United States allowed now-dismissed Defendant Apollo to certify the Plaintiff to receive a Stafford loan to pursue his education with Apollo institutions. The SAC alleges that in certifying Plaintiff for the

maximum loan amount under the Stafford loan program Apollo violated Department of Education regulations, and falsified his eligibility so that Plaintiff received a maximum Stafford loan which he subsequently was unable to service, and on which he ultimately defaulted, but which was ultimately discharged in a related proceeding in bankruptcy court.

Beginning in paragraph 40, Plaintiff alleges that because the United States allowed Apollo to certify Stafford loans, and because Education Secretary Arne Duncan was charged with properly supervising Title IV funding programs including disbursements under these programs, Secretary Duncan and the United States are liable for failing to prevent Apollo from wrongfully certifying Plaintiff's loan eligibility.

…

Further, the revised Count 1A asserts [Fair Credit Reporting Act ("FCRA")] and [Fair Debt Collection Practices Act (FDCPA")] claims against the United States. This court can ascertain no FDCPA claims against any Defendant in the SAC. Merely asserting that the Plaintiff has an FDCPA claim against the Defendants does not state such a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The closest the SAC comes to alleging a FCRA claim is its allegation that FedLoan was a furnisher of information under the FCRA and had inaccurately reported to three credit reporting agencies that the Plaintiff owed $2052.00 in Stafford student loan debt. (Doc. 18 at 11.) As a result, Plaintiff alleges that he has had credit applications denied. (*Id*. at 12 n. 24.)

*O'Neal v. United States of America Incorporated, et al.,* No. CV-16-03888-PHX-

GMS, 2017 WL 168046 at *2-3 (D. Ariz., Jan. 17, 2017)(alterations in original).

In the other order attached to FedLoan's motion to dismiss, the district court stated:

In this round of repetitive filings the Plaintiff now names the United States of America Inc., U.S. Department of Education, U.S. Secretary Arne Duncan, Serena Amos, FedLoan Servicing Center and attorney Warren Stapleton and asserts a "Conspiracy to Breach Enrollment

9

Agreement by Falsifying Pell Eligibility to Certify Overpayments for Collection through FedLoan, U.S. Bankruptcy Court and Derogatory Late Payment Reports Affecting Three Credit Bureaus Contrary to Title 42 USC § 1985(3); Title 42 USC § 1981, Title 15 USC § 1681 and Arizona Tort Laws.

*O'Neal v. United States of America Incorporated, et al.,* No. CV-16-03888-PHX-GMS, 2016 WL 10636363 at \*2 (D. Ariz., Dec. 20, 2016).

The defendants named in the prior Arizona lawsuit are identical to the defendants in the present case. Additionally, the claims raised in the present petition are precisely the same as the claims raised in the prior cases that O'Neal filed in Arizona. For example, O'Neal asserts in his amended complaint that:

Apollo supra falsely certified Stafford loans for an unaffordable bachelor's degree at Axia Online College. The aforesaid "false certification" manifested simply because there was insufficient financial aid available for Petitioner to earn a bachelor's degree at Axia supra. Moreover, there was a $20,000.00 shortfall of financial aid to afford a bachelor's degree at Axia supra according to Financial Advisor Lynette Hauck.

(Doc. 9-1, at 5). O'Neal goes on to allege:

Federal Bankruptcy Judge Ballinger entered judgment directing Apollo supra compliance with Chapter 7 discharge order which decreed Petitioner's indebtedness for attending Axia supra was eradicated. Consequently, FedLoan supra wrongfully retained Stafford loan funds returned by Apollo supra before and after Chapter 7 supra.

(Doc. 9-1, at 11). The allegations in O'Neal's subsequent filings are mostly repetitive and directly relate to the same underlying issues regarding O'Neal's student loans that he obtained several years ago. Even the

allegations concerning Corporate Service Corporation, an entity O'Neal

seeks to add as a defendant, relate to matters surrounding the litigation that

occurred in Arizona regarding his student loans.

The Eleventh Circuit has held:

[A] a claim will be barred by prior litigation if all four of the
following elements are present: (1) there is a final judgment on
the merits; (2) the decision was rendered by a court of
competent jurisdiction; (3) the parties, or those in privity with
them, are identical in both suits; and (4) the same cause of
action is involved in both cases…. In the Eleventh Circuit,
'[t]he principal test for determining whether the causes of
action are the same is whether the primary right and duty are
the same in each case. In determining whether the causes of
action are the same, a court must compare the substance of the
actions, not their form.' *Citibank v. Data Lease Financial
Corp.*, 904 F. 2d 1498, 1503 (11th Cir. 1990) (citations
omitted). It is now said, in general, that if a case arises out of
the same nucleus of operative fact, or is based upon the same
factual predicate, as a former action, that the two cases are
really the same 'claim' or 'cause of action' for purposes of res
judicata.

*Ragsdale v. Rubbermaid, Inc.*, 193 F. 3d 1235, 1238-39 (11th Cir.

1999)(footnote omitted). O'Neal's case satisfies all four elements. The

judgments in the cases filed in Arizona are final, having been dismissed with

prejudice. (*See* Doc. 19-1, 3). The court in Arizona was a court of

competent jurisdiction, the parties named in the Arizona case are also named

in the present case, and the present case arises out of the same nucleus of

operative facts, i.e., that the defendants falsely certified O'Neal's student

loans and returned the unused portion to the federal government after O'Neal withdrew, causing him to default. (*See* Doc. 19-2). Because these claims were raised in a previous proceeding that was ultimately dismissed with prejudice, they are barred by the doctrine of res judicata. *Montana v. United States*, 440 U.S. at 153.

To the extent O'Neal has raised new claims in the present proceeding based on the dispute regarding his student loans, those claims are barred by collateral estoppel. *Montana v. United States*, 440 U.S. 147, 153 (1979), *citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.")

As noted, this Court has yet to rule on whether to allow O'Neal to amend his initial complaint or to allow O'Neal to join additional defendants. "Under the Federal Rules of Civil Procedure, a district court 'should freely give leave' to amend a complaint 'when justice so requires.' Fed. R. Civ. P. 15(a)(2). But 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal' because, for

example, it fails to state a claim for relief. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (internal quotation marks omitted)." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). This Court has conducted an exhaustive review of each and every document that O'Neal has filed in this case and has determined that allowing him to amend his complaint with any of the allegations contained therein or allowing him to join any of the requested defendants would be futile given the fact that all of the claims would be barred by the doctrines of res judicata and collateral estoppel. Accordingly, to the extent any of O'Neal's filings are attempts to amend his initial complaint by adding claims or defendants, those motions are due to be denied. For the same reasons, O'Neal's motions for this Court to exercise supplemental jurisdiction over matters currently pending in Arizona are due to be denied.

Because O'Neal's claims against FedLoan are barred by res judicata and collateral estoppel, O'Neal has failed to state a claim for which relief can be granted. O'Neal has had a full and fair opportunity to litigate these claims in other courts but has been unsuccessful. Therefore, O'Neal's claims against FedLoan are due to be dismissed with prejudice.

**DONE** and **ORDERED** December 20, 2018.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE